UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON M. FLOWERS,

    Plaintiff,                                CIVIL ACTION NO. 14-CV-12449

vs.                                          DISTRICT JUDGE GEORGE CARAM STEEH

                                                 MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jason Flowers seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to Social Security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 17) and Defendant's Motion for Summary Judgment (docket no. 18). Plaintiff filed a Response to Defendant's Motion. (Docket no. 19.) The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

I.    Recommendation

The undersigned recommends that Plaintiff's Motion for Summary Judgment [17] be DENIED and that Defendant's Motion for Summary Judgment [18] be GRANTED.

II.    Procedural History

Plaintiff filed applications for Disability Insurance Benefits and for Supplemental Security

1

Income with protective filing dates of January 24, 2012, alleging that he had been disabled since March 30, 2011, due to PTSD, Asthma, Depression, and Anxiety.  (TR 258; *see also*, TR 11.)  The Social Security Administration denied benefits.  (*See* TR 11.)  Plaintiff requested a *de novo* hearing, which was held on December 5, 2012, before Administrative Law Judge (ALJ) Kevin J. Detherage, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 11-24.)  The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review.  The parties then filed their instant Motions.

### III. Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

The ALJ set out a detailed factual recitation with regard to Plaintiff's medical record, Plaintiff's hearing testimony, and the VE's testimony.  (TR 17-23.)  Defendant adopts the ALJ's recitation of facts. (Docket no. 18 at 5.)  Plaintiff addresses the relevant factual background through his argument.  (*See* docket no. 17 at 6-9.)  There are no material inconsistencies between the ALJ's factual recitation and Plaintiff's arguments with the exception of the ALJ's discussion (or lack thereof), related to Exhibit 9F, as discussed herein.  Therefore, the undersigned will incorporate the ALJ's factual recitation by reference.  Additionally, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

### IV. Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2011; that he had not engaged in substantial gainful activity since March 30, 2011, his alleged onset date; and that he suffered from severe PTSD, depression, and left arm ulnar neuropathy.

2

(TR 13.)  The ALJ also noted that Plaintiff's asthma was not a severe impairment.  (TR 14.)  The ALJ then found that his impairments did not meet or equal those listed in the Listing of Impairments.  (TR 14-17.)  The ALJ found, however, that Plaintiff's allegations regarding the extent of his symptoms were not wholly credible and that Plaintiff could perform light work with the following additional limitations:

> [The claimant] is limited to simple, repetitive, and non-detailed tasks.  The claimant can have occasional contact with coworkers and the public.  He can have occasional supervisory contact.  The changes in the workplace would be infrequent and gradually introduced.  He should avoid concentrated exposure to dusts, fumes, gases, odors, and poorly ventilated areas.  The claimant can frequently reach in any direction with his left upper extremity.

(TR 17-22.)

The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work at the light level, including that of a cleaner, garment sorter, or folding machine operator.  (TR 22-23.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from March 30, 2011, through the date of his decision.  (TR 23-24.)

**V.    Law and Analysis**

    **A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*,

305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past

work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C. Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be remanded because (1) "the ALJ failed to consider the Plaintiff's cervical

5

degenerative disk and joint disease;" and (2) "the ALJ improperly disregarded the opinion of Veteran's Administration medical evaluators." (Docket on. 17 at 6-9.)

### 1. Plaintiff's Cervical Spine Impairment

Following Plaintiff's hearing, he submitted medical records (Exhibit 9F) from an October 2012 MRI and November 2012 CT scan purportedly showing "that the Plaintiff is suffering from multilevel degenerative disk disease and degenerative joint disease." (Docket no. 17 at 6 (citing TR 633-635).) Plaintiff correctly states that the ALJ did not mention this exhibit in his decision; thus, Plaintiff contends, the ALJ failed to properly consider the evidence in this matter. (*Id.*) Although not addressed in his Motion, Plaintiff's Response to Defendant's Motion implies that a proper consideration of this evidence would have resulting in limitations related to Plaintiff's neck or the use of his hands. (*See* docket no. 19 at 2.)

There is no requirement that the ALJ discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) (citation omitted). Thus, the ALJ's failure to specifically discuss Exhibit 9F does not mean that he failed to consider it. But even if the Court accepts Plaintiff's assertion that the ALJ entirely failed to consider Exhibit 9F, Defendant is correct that this evidence does nothing to support Plaintiff's allegations. Plaintiff alleged disability based on PTSD, Asthma, Depression, and Anxiety. (*See* TR 258.) He mentioned nothing about neck pain. And while the ALJ determined that he also had severe left arm ulnar neuropathy, nothing in Exhibit 9F suggests that Plaintiff has any limitations beyond those found by the ALJ in Plaintiff's RFC. That is, the MRI and the CT scan reports provide no insight into what additional limitations Plaintiff may suffer from based on the diagnoses therein. Moreover, Plaintiff does not provide any such insight in his argument to the Court. *Jones v.*

*Commissioner of Social Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (noting that the plaintiff bears the burden of proof at the first for stages of analysis); *see also*, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir.1999). At most, Plaintiff leaves the ALJ and the Court to speculate with regard to any possible limitations related to his neck. Therefore, Plaintiff's Motion should be denied in this regard.

### 2. The Veteran's Administration Opinions

As part of his decision, the ALJ noted that Plaintiff received a determination of disability from the Veteran's Administration. (TR 20.) The ALJ discussed this opinion, in full, as follows:

> As for the opinion evidence, on December 10, 2010, the [VA] noted the claimant was 30 percent disabled due to asthma. In the claimant's representative brief, he indicated the claimant had an 80 percent disability rating with the [VA] secondary to [PTSD] and asthma. While the disability determinations of other governmental agencies are entitled to consideration, they are not entitled to any particular weight in determining disability for Social Security purposes. In this case, I note that the [VA's] finding is not based on Agency policy or definitions of disability. Therefore, it is entitled to little weight.

(TR 20.) As the ALJ appropriately noted, while he was required to consider the VA's determination, he was not required to afford it any particular weight.

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency [e.g., Workers' Compensation, the Department of Veterans Affairs, or an insurance company] that you are disabled or blind is not binding on us.

20 C.F.R. § 416.904. And the Commissioner has explained, in a ruling on which Plaintiff relies, that "because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency." SSR 06-03p.

Plaintiff, however, does not contend that the ALJ was required to adopt the VA's disability determination. Instead, Plaintiff notes that SSR 06-03p also states that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." (Docket no. 17 at 7-9; docket no. 19 at 3-4.) Plaintiff argues that the ALJ's failure to provide any such explanation is reversible error. But contrary to Plaintiff's assertion, "[a]s evident from the plain language of the regulations, while it is preferable for an ALJ to explain the consideration he or she gave to [such an opinion], it is not required." *Taylor v. Comm'r of Soc. Sec.*, No. 14-294, 2015 WL 1310802, at *7 (W.D. Mich., Mar 24, 2015) (Maloney, J.); *see also* SSR 06-03p (stating that "the adjudicator *should* explain the consideration given") (emphasis added). Like in *Taylor*, it is evident from the ALJ's discussion that he did, in fact, consider the VA opinions, which is all the regulations require. Therefore, Plaintiff's Motion should be denied.

## VI.     Conclusion

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [17] should be DENIED and Defendant's Motion for Summary Judgment [18] should be GRANTED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 17, 2015         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated: June 17, 2015         s/ Lisa C. Bartlett
                             Case Manager